**WO**                                                                                                       TCK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Allen Hoke, ) | No. CV 05-4207-PHX-MHM(JRI) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al. ) | |
| Respondents. ) | |

Petitioner, who is confined in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court will order an answer.

**A.    Motion to Proceed *In Forma Pauperis.***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00.  See Local Rule of Civil Procedure 3.5(b) (excess of $25.00 requires payment of the filing fee).  Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.    Procedural Background**

On July 13, 1994,  Petitioner was convicted in CR 1993-91155 and CR-1993-93266 of sexual conduct with a minor and attempted sexual conduct with a minor and sexual exploitation of a minor.  He was sentenced to 14 years on 12 counts and 7 years probation

**TERMPSREF**

1  on 13 counts.  Petitioner was released on August 22, 2002 to serve his probationary term.
2  Petitioner violated his probation on June 12, 2003. His post-conviction petition was denied
3  by the superior court and his second appeal therefrom challenging his probation revocation
4  was denied by the Arizona Court of Appeals.

5  In his habeas petition, Petitioner raises one ground for relief.  Petitioner asserts that
6  he has either exhausted the claims or that exhaustion is not required.  Even assuming that the
7  exhaustion requirement has not been met, it appears that any unexhausted claim may be
8  procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would
9  be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
10 petitioner failed to exhaust claims and it was not clear whether claims were procedurally
11 barred).  Accordingly, an answer is required.  28 U.S.C. § 2254(a).

12 **IT IS THEREFORE ORDERED that:**

13 (1)  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

14 (2)  A copy of the Petition and this Order be served by the Clerk of Court upon the
15 Respondent and the Attorney General of the State of Arizona by certified mail pursuant to
16 Rule 4, Rules Governing Section 2254 Cases.

17 (3)  Respondent shall answer the Petition within forty (40) days of the date of service.
18 Respondent shall not file a dispositive motion in place of an answer, but may file an answer
19 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
20 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
21 those portions of the record relevant to those defenses need be attached to the answer.
22 Failure to set forth an affirmative defense in an answer may constitute a waiver of the
23 defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison
24 v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).   If not limited to affirmative defenses, the
25 answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing
26 Section 2254 Cases.

27 (4)  Petitioner may file a reply within thirty (30) days from the date of service of the
28 answer.

1　　　　(5)  Petitioner shall serve upon Respondent, or if appearance has been entered by
2 counsel, upon the attorney, a copy of every further pleading or other document submitted for
3 consideration by the Court.  Petitioner shall include with the original document and copy, to
4 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
5 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
6 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
7 Court may be disregarded by the Court.

8　　　　(6)  At all times during the pendency of this action, Petitioner shall immediately
9 advise the Court of any change of address and its effective date.  Such notice shall be
10 captioned "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only
11 information pertaining to the change of address and its effective date.  The notice shall not
12 include any motions for any other relief.  Failure to file a Notice of Change of Address may
13 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
14 Procedure 41(b).

15　　　　(7)  Aside from the two copies of the petition or amended petition that must be
16 submitted, a clear, legible copy of every pleading or other document filed shall accompany
17 each original pleading or other document filed with the Clerk for use by the District Judge
18 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
19 may result in the pleading or document being stricken without further notice to Petitioner.

20　　　　(8)  This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules
21 of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

22　　　　DATED this 6th day of April, 2006.

_____
Mary H. Murgula
United States District Judge