1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT ALLEN HOKE, ) | No. CV 05-4207-PHX-MHM (JI) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| DORA B. SCHRIRO, et al., ) | |
| Respondents. ) | |

Petitioner *pro se*, Robert Allen Hoke ("Petitioner"), filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 15, 2006 (Dkt. #12). The matter was referred to United States Magistrate Judge Jay R. Irwin, who issued a Report and Recommendation (Dkt. #47) recommending that the Court refer the entire petition to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3; or in the alternative, recommending the dismissal of Ground 3, the denial of Ground 4, and transferring Grounds 1, 2 and 5 to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3. Petitioner filed a written objection to the Report and Recommendation (Dkt. #48).

**STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must

1  review the factual analysis in the Report and Recommendation *de novo* for those facts to
2  which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
3  2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de
4  novo determination of those portions of the report or specified proposed findings or
5  recommendations to which objection is made."). "Failure to object to a magistrate judge's
6  recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207
7  F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

9  Petitioner objects to the Magistrate Judge's Report and Recommendation on several
10 grounds: (1) that the instant petition is not successive; (2) that Ground 3 is not procedurally
11 defaulted or procedurally barred; (3) that a lack of access to legal resources resulted in an
12 inability to assert his procedurally defaulted claims; (4) that the state court's error in finding
13 a prior conviction violated his due process rights; (5) that the enhancement of his sentence
14 violated his rights under Blakely v. Washington, 542 U.S. 296 (2004).

15 **I.    SUCCESSIVE PETITION**

16 This is Petitioner's second federal habeas proceeding arising out of his 1994
17 convictions. The Court must dismiss any claim which was presented in a prior habeas
18 petition. 28 U.S.C. § 2244(b)(1). Moreover, a claim in a second or successive petition must
19 be dismissed even if not presented in a prior habeas petition, unless the claim rests on new
20 law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the
21 latter circumstance, leave of the Court of Appeals is required to maintain the successive
22 petition. 28 U.S.C. § 2244(b)(3). These requirements are jurisdictional, and may not be
23 waived. See U.S. v. Allen, 157 F.3d 661, 664 (9th Cir. 1989) (successive petition limitation
24 on § 2255 petitions jurisdictional); see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir.
25 2003) (successive petition limitation cannot be waived by failure to object). Petitioner has
26 not sought or obtained such permission. However, the fact that "a prisoner has previously
27 filed a federal habeas petition does not necessarily render a subsequent petition 'second or
28 successive.'" Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002). Thus, the court held

1 that a petition should not be deemed successive "if the petitioner did not have the opportunity
2 to challenge the state's conduct in a prior petition." Id. For such petitions, the petitioner "is
3 not obligated to secure [the Court of Appeals'] permission prior to filing his habeas petition
4 in the district court." Id. at 899.

5       Here, the Petitioner could not, at the time of 1998 habeas petition, have challenged
6 the sentence issued upon the revocation of his probation in 2003.[1] Thus, to the extent that
7 Petitioner's current petition challenges only his 2003 sentence, it is not a "second or
8 successive" petition. Ground 3 challenges the imposition of consecutive sentences in his
9 2003 sentence, and Ground 4 asserts that the 2003 sentence was a violation of Petitioner's
10 rights under Blakely. However, in Grounds 1 and 2, Petitioner attacks the indictment in the
11 original prosecution. In Ground 5, he attacks the nomenclature of the prosecuting party.
12 Thus, Grounds 1, 2 and 5 attack matters arising in the original prosecution, and could have
13 been raised in Petitioner's original habeas petition. As such, the Court finds that the petition
14 is successive with respect to all Petitioner's claims but Grounds 3 and 4.

15       Claims in a second or successive petition must be dismissed. 28 U.S.C. § 2244(b)(2).
16 As such, dismissal of Grounds 1, 2 and 5 is appropriate pursuant to 28 U.S.C. § 2244(b)(2).
17 However, Petitioner asks that the matter be transferred to the Ninth Circuit Court of Appeals
18 for a determination of his right to file a successive petition. Ninth Circuit Rule 22-3(a)
19 provides: "If a second or successive petition or motion, or an application for leave to file such
20 a petition or motion is mistakenly submitted to the district court, the district court shall refer
21 it to the court of appeals." But, Rule 22-3 merely allows the district court to *refer* the petition
22 to the court of appeals. Therefore, the Court must dismiss Petitioner's claims and refer
23 Petitioner to the courts of appeals by providing him with the necessary forms to file his

---

25       [1] It is true that Petitioner's sentence was entered on September 29, 2003 (Dkt. #23,
26 Exhibit L, Minute Entry 9/29/03), and the judgment in his first federal habeas was not entered until two days later, on October 1, 2003 (CV-98-0341-PHX-RGS, Dkt. #120).
27 However, it is unreasonable to assume that Petitioner could have sought, in the intervening two days, to have expanded the original habeas to include claims arising from that sentence.
28 Furthermore, Petitioner was obligated to first exhaust his state remedies.

1 petition with the Ninth Circuit. The Clerk of the Court is directed to provide Petitioner with 2 the forms required to file an application for leave to file a second or successive petition with 3 the Ninth Circuit Court of Appeals.

## II. PROCEDURAL DEFAULT/PROCEDURAL BAR

Respondents argue that Petitioner failed to exhaust his administrative remedies as to Grounds 2, 3, and 5, because he never fairly presented the claims to the state appellate courts. Further, Respondents argue that the claims are now either procedurally defaulted or procedurally barred, and therefore must be dismissed with prejudice. Since the Court concluded Grounds 2 and 5 are successive, only the exhaustion of Ground 3 will be addressed.

Generally, a federal court has authority to review a state prisoner's claim only if available state remedies have been exhausted. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). "[T]o exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues must be exhausted before bringing a federal habeas petition; this is true even where alternative avenues of reviewing constitutional issues are still available in state court. See Brown v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995). "[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to result in exhaustion, Petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claims. 28 U.S.C. § 2254; see also Picard v. Connor, 404 U.S. 270, 276-77 (1971). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).

Petitioner argues that Ground 3 has been fairly presented to the state courts, and therefore, is not procedurally defaulted. In Ground 3, Petitioner asserts that he was denied

due process because his various sentences imposed on revocation of his probation were required to run concurrently since the offenses were consolidated for trial and all occurred on the "same occasion". Petitioner did in fact raise claims based upon the "same occasion" argument on direct appeal, and again in his Sixth Notice of Post-Conviction Relief. See Dkt. #23, Exhibit O, Supp. Brief at 19-27; Dkt. #23, Exhibit Q, Motion for Reconsideration at 10-12; Dkt. #23, Petition for Review, Exhibit S at 8; Dkt. #39, Exhibit Sixth Notice of PCR. However, Petitioner never cited to any federal authority to support his claim, nor did he identify the "same occasion" argument as a due process claim. Therefore, the Court finds that Petitioner did not fairly present Ground 3 as a federal claim. As such, Petitioner has not properly exhausted his state remedies on that claim.

If state remedies have not been exhausted, the district court must dismiss a petition filed pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 1203 (1982). However, if a federal constitutional claim can no longer be raised due to a failure to follow the prescribed procedure for presenting such an issue, the claim is procedurally barred and the petition must be denied. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991). In reviewing the record, the Court finds that Petitioner's Ground 3 is barred by the applicable statute of limitations. Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of judgment and sentencing. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. See generally Ariz.R.Crim.P. 31. Thus, the Court finds that direct appeal is no longer available for Petitioner's unexhausted claims.

Furthermore, Petitioner can no longer seek review of his unexhausted claims by way of a subsequent petition for post-conviction relief. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right")[2] be filed "within ninety days

---

[2] Petitioner is not entitled to an "of-right" proceeding in this case. "Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right

- 5 -

1 after the entry of judgment and sentence or within thirty days after the issuance of the order
2 and mandate in the direct appeal, whichever is later." See State v. Pruett, 185 Ariz. 128, 912
3 P.2d 1357 (App. 1995).  That time has also passed.  Rule 32.4 does provide for exceptions
4 to the time limitation; however, Petitioner has not argued, nor is there evidence indicating,
5 that any of the exceptions would apply in this case.  As such, the Court finds that Petitioner
6 has procedurally defaulted on his Ground 3 claim.

7       Although it may be argued that Petitioner raised his due process claim in his Sixth
8 Notice for Post-Conviction Relief, Petitioner is still precluded from raising it in a federal
9 habeas petition.  Because the claim was disposed of on the basis of Arizona's preclusion bar,
10 Rule 32.2(a), Rules of Arizona Criminal Procedure, that bar precludes this Court from now
11 addressing the merits of the claim.  Federal habeas review of a claim is also precluded for
12 procedurally barred claims, *i.e.* those which have been presented to the state courts, but were
13 disposed of on a procedural ground "that is both 'independent' of the merits of the federal
14 claim and an 'adequate' basis for the court's decision.  Harris v. Reed, 489 U.S. 255, 260
15 (1989).  "Once the state has adequately pled the existence of an independent and adequate
16 state procedural ground as an affirmative defense, the burden to place that defense in issue
17 shifts to the petitioner."  Bennet v. Mueller, 322 F.3d 573, 584 (9th Cir. 2003).  Petitioner
18 does not contend, nor is there evidence indicating, that Rule 32.2(a) is not an "independent
19 and adequate" state ground for barring his federal claim.  Therefore, the Court finds that
20 Petitioner's Ground 3 claim is procedurally barred and that dismissal with prejudice is
21 appropriate.

22 **III.   CAUSE AND PREJUDICE**

23       Petitioner argues that his failure to exhaust should be attributed to the limited legal
24 resources and lack of legal assistance in the Arizona prisons.  If a habeas petitioner has
25 procedurally defaulted a claim, he may not obtain federal habeas review of that claim absent
26 a showing of "cause and prejudice" sufficient to excuse the default.  Reed v. Ross, 468 U.S.

27 ―――――――――――――
28 proceeding."  Ariz.R.Crim.P. 32.1.

- 6 -

1, 11 (1984). A *pro se* petitioner may establish cause based on a lack of legal resources; however the petitioner must show that the lack of access resulted in an inability to assert his claims. See Thomas v. Lewis, 945 F.2d 1119 (9th Cir. 1991) (finding no cause where despite the lack of resources generally, pro se petitioner had not shown personal deprivation, and had managed to file other adequate petitions.)

In the instant case, Petitioner has failed to show that his lack of access to legal resources resulted in an inability to assert his procedurally defaulted claims. Petitioner was able to raise as an issue for review by the Arizona Court of Appeals the application of the "same occasion" statutes. Although Petitioner did not extend that claim to a federal due process issue, he does not show that a deficiency in legal resources precluded him from identifying a due process claim from the same facts. Further, Petitioner was represented by appellate counsel at the time relevant to the exhaustion of Ground 3. Since Petitioner had the benefit of counsel, he was not dependent on the library's legal resources. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (lack of legal assistance does not constitute cause where petitioner represented at critical stages). Actual innocence may constitute cause; however, Petitioner has not argued, nor is there any evidence indicating, that the actual innocence exception would be appropriate here. As such, the Court finds that Petitioner fails to show "cause and prejudice" justifying the procedural default of his claims.

**IV.     PRIOR CONVICTIONS/BLAKELY**

Petitioner argues that the state court erred in finding that he had a prior conviction,[3] and that the error was sufficiently egregious to constitute a violation of his due process rights.

---

[3] Petitioner's convictions in the same trial proceeding were counted as "prior convictions" under State v. Hannah, 126 Ariz. 575, 617 P.2d 527 (1980), superceded by statute as stated in State v. Thompson, 198 Ariz. 142, 7 P.3d 151 (App. 2000). "The Hannah-prior practice resulted in 'repeat-offender' mandatory prison terms under section 13-604 for defendants who . . . . had no felony convictions until being sentenced on several at the same time. Eventually, the legislature ended this harsh practice be deleting certain language from section 13-604(H) and by enacting section 13-702.02." State v. Thompson, 198 Ariz. 142, 145, 7 P.3d 151, 154 (App. 2000).

1 An error of state law may qualify a state prisoner for federal habeas relief; but, the error must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." Pully v. Harris, 465 U.S. 37, 41 (1984). To sustain such a claim, Petitioner must show that the state court error was "so arbitrary and fundamentally unfair that it violated federal due process." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991) (quoting Reiger v. Christensen, 789 F.2d 1425, 1430 (9th Cir. 1986)). Petitioner merely asserts that the state court got it wrong when it concluded that he had prior convictions. Although such a simple (alleged) error had significant consequences, it was no more than just that: an error. "We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." Gryger v. Burke, 334 U.S. 728, 731 (1948). As such, the Court finds that the alleged error in finding that Petitioner's had prior convictions is not cognizable in this federal habeas proceeding.

Petitioner further contends that the enhancement of his sentence was improper under Blakely v. Washington, which held that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely v. Washington, 542 U.S. 296, 303-304 (2004). However, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Prior convictions are the sole but explicit exception to the Apprendi/Blakely rule. Petitioner does not argue that any other factors were used to enhance his sentence. Therefore, the Court finds that Petitioner's rights were not violated under Blakely.

**Accordingly,**

**IT IS ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation are OVERRULED. (Dkt. #48).

1 **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and Recommendation to the extent that it is consistent with this Order.[4]  (Dkt. #47).

**IT IS FURTHER ORDERED** that Grounds 1, 2 and 5 of Petitioner's Amended Petition for Writ of Habeas Corpus are DISMISSED WITHOUT PREJUDICE.  (Dkt. #12).

**IT IS FURTHER ORDERED** that Ground 3 of Petitioner's Amended Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.  (Dkt. #12).

**IT IS FURTHER ORDERED** that Ground 4 of Petitioner's Amended Petition for Writ of Habeas Corpus is DENIED.  (Dkt. #12).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to provide Petitioner with the forms required to file an application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 25th day of November, 2008.

*Mary H. Murguia*
United States District Judge

---

[4] The Order adopts the Report and Recommendation of the Magistrate Judge only to the extent that it recommends the dismissal of Ground 3 and the denial of Ground 4.

- 9 -